10-4900-cv
Levermore v. Jackson

E.D.N.Y.- C. Islip
08-cv-130
Feuerstein, J.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges,*
> MIRIAM GOLDMAN CEDARBAUM,
> *District Judge.*[*]

_____

JOHN W. LEVERMORE,

> *Plaintiff-Appellant,*

v.                                          10-4900-cv

ANANDA DESILVA, THE ESTATE OF MACIO JACKSON, KARLA M. SCOTT, EXECUTRIX,

> *Defendants-Appellees.*

_____

FOR APPELLANT:      Walter Theodore Charlton, Woodsboro, MD.

FOR APPELLEES:      *Pro se*

_____

[*]Judge Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

FOR *AMICUS CURIAE*:  Samantha B. Lansky, Milber, Makris, Plousadis & Seiden, LLP, Woodbury, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant John W. Levermore appeals from the district court's October 2010 grant of summary judgment in favor of Ananda DeSilva and the Estate of Macio Jackson and denial of joinder of Joseph Albano and the Internal Revenue Service.  We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review orders granting summary judgment *de novo*. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003).  Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *Id.*

The district court did not err in finding that there are no genuine issues of material fact relating to the timeliness of Levermore's fraud claims.  Under New York's statute of limitations, a fraud claim is time-barred if it is brought more than six years after the commission of the fraud unless it is brought within two years from the time the plaintiff "discovered the fraud, or could with reasonable diligence have discovered it."  NY CPLR § 213(8).  Levermore's fraud claims relate to

2

events in 1999 and 2000, but he did not file suit until 2008. He argues that the district court should have tolled the limitations period because defendants' actions prevented him from discovering defendants' fraud. *Cf. SEC v. Gabelli*, 653 F.3d 49, 59-60 (2d Cir. 2011).

Equitable tolling, however, is not appropriate where a plaintiff does not act with reasonable diligence. *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 517-18 (2007); *see also Johnson v. Nyack Hosp.*, 86 F.3d 8, 11-12 (2d Cir. 1996); *Dodds v. Cigna Secs., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993).

The district court properly concluded that there was no genuine issue of material fact because Levermore was aware of the basic facts—the transactions he now argues are fraudulent—between 2000 and 2003. Because Levermore could have investigated at that time but did not do so, he failed to act with the diligence necessary for equitable tolling. *See Johnson*, 86 F.3d at 12. Accordingly, the district court properly denied Levermore's fraud claims as time-barred.

Levermore does not challenge the district court's dismissal of his contract claims for failure to meet the amount in controversy required for diversity jurisdiction.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3